**Stanley KELLEY, Petitioner– Appellant,**

v.

**Robert K. WONG, Warden; Office of the Governor, Respondents– Appellees.**

No. 09–15939.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 2, 2011.*

Filed Aug. 11, 2011.

Stanley Kelley, San Quentin, CA, pro se.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Maria G. Chan, Deputy Attorney General, Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

Before: RYMER, IKUTA, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

California state prisoner Stanley Kelley appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Kelley contends that the his due process rights were violated because the Governor's 2004 decision to deny him parole was not supported by "some evidence." This claim is foreclosed by *Swarthout v. Cooke*, — U.S. —, 131 S.Ct. 859, 863, 178 L.Ed.2d 732 (2011) (holding that the only federal right at issue in the parole context is procedural).

To the extent that Kelley contends that the Governor violated his due process rights by failing to hold a hearing before reversing the grant of parole by the California Board of Prison Terms, that contention is foreclosed by *Styre v. Adams*, 645 F.3d 1106, 1108–09 (9th Cir.2011) (holding that *Cooke* implicitly rejects argument that the Governor was required to hold a hearing before reversing the Board's decision granting parole).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kelly's remaining claims lack merit.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.